McGREGOR W. SCOTT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>                 v.<br><br>JIMMY KHIO,<br><br>                            Defendant. | CASE NO. 1:18-CR-00219-DAD-BAM<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER<br><br>DATE: August 24, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. Dale A. Drozd |

## BACKGROUND

On March 16, 2020, Defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841, 846. This case is set for a sentencing hearing on August 24, 2020.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 establish that plea and sentencing hearings cannot safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act—as implemented by General Order 614—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 614 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case such that a change of plea hearing may be conducted by videoconference. The parties hereby request that the Court enter an order making the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons further set forth below, the parties agree that:

1) The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice, given that this matter has been pending for nearly roughly two years and defendant anticipates arguing for a time-served sentence with supervision to follow.

2) In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid gatherings in groups of more than 10 people and practice physical distancing (within no less than approximately six feet) between individuals to slow the spread of COVID-19. The virus is believed to spread mainly from person-to-person contact,

and no vaccine currently exists.

3) These physical distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

4) In light of the ongoing public health crisis and the inability to observe the recommended safety measures at an in-person hearing, the defendant waives his physical presence at the sentencing hearing and consents to remote sentencing hearing by videoconference. Counsel for the defendant joins in that waiver.

IT IS SO STIPULATED.

Dated:  August 19, 2020 McGREGOR W. SCOTT
United States Attorney

/s/ *Jeffrey A. Spivak*
JEFFREY A. SPIVAK
Assistant United States Attorney

Dated:  August 19, 2020 /s/ *Douglas Goss*

Douglas Goss
Counsel for Defendant
Jimmy Khio

STIPULATION REGARDING HEARING 3

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: __August 20, 2020__   _____*Dale A. Drozd*_____
                                                 UNITED STATES DISTRICT JUDGE